[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence November 22, 1989 Date of Application December 26, 1989 Date Application Filed December 26, 1989 Date of Decision June 28, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket No. 54402 and 54428;
Richard P. Lawlor, Defense Counsel, for Petitioner
Carl E. Taylor, Esq., Assistant State's Attorney, for the State
BY THE DIVISION
In D.N. 54402, the petitioner entered a guilty plea to murder and robbery in the 1st degree in violation of C.G.S. Sec. 53a-54a(a) and Sec. 53a-134 respectively. In D.N. 54428, he plead guilty to robbery in the first degree, assault in the 3rd degree and larceny in the 3rd degree, C.G.S. Secs. 53a-134(a)(3), 53a-61
and 53a-124. He received a sentence of 40 years on the murder charge, 20 years on each of the two robbery charges, 1 year for the assault and 5 years on the larceny charge, all concurrent to one another, for a total effective sentence of 40 years to serve.
In the first case, the petitioner and a co-defendant, Marcos Perez, met the victim in Hartford and by invitation from the victim, all three went to the victim's home in Wethersfield about 2:30 a.m. After a short time, the defendants decided to kill and rob the victim. The petitioner hit the victim with a log to subdue him and Perez proceeded to beat him even more intensely. After taking the victim's stereo equipment and other items, they left, only to return to make sure the victim was dead. In the second case, the petitioner and two others met the victim in the same area as the first case and accompanied him to his home where the three were to assist him in packing for a move. After a time, the three bound and gagged the victim after beating him about the head. He was threatened with death and bound to a chair while the three perpetrators rummaged through the victim's apartment taking sporting and stereo equipment. Police CT Page 7924 investigation revealed the defendant participated in these events and he was arrested. He entered his guilty pleas citing the Alford doctrine and with an agreed recommendation with a cap with both the state and the defense having a right to argue within those limits.
Counsel for the petitioner suggests the minimum mandatory sentence of 25 years is warranted because it is not clear who actually murdered the first victim or if there was an agreement between petitioner and his co-defendant to commit murder. We are urged to consider the petitioner's outstanding high school athletic performance. In addition, counsel claims that petitioner's sentence was disproportionate because Perez got 35 years even though he was the murderer. He argues that the denunciatory purposes of sentencing are met with a 25 year sentence.
The state's attorney asks us to focus on the fact that the petitioner went to a gay bar for the sole purpose of luring a victim and that it was the petitioner who struck the first blow to the victim and later suggested they return to make sure he was dead. Obviously, these activities were not isolated in that they were similar in the nature of the offenses and the victims. Perez came forward and cooperated for which he received appropriate credit, according to the state. It was the petitioner who threw away a promising career in athletics and the division is urged to affirm the sentence.
In speaking on his own behalf, the petitioner expressed remorse and the desire to help misguided kids. He claims he was confused and denies killing the victim.
This is a tragic case for all parties. The murder victim was wantonly murdered and robbed because of his status and vulnerability, and the petitioner's potential utterly destroyed. He was 19 years old at the time of his sentencing, but he at least has a future; the victim has none. It is clear the sentencing judge took all of this into consideration in reaching his decision to sentence petitioner to 40 years. The Court said, "Any crime for any citizen will be treated fairly and equally within our system, otherwise we lose our sense of civilization." In reviewing the provisions of P.B. Sec. 942, we conclude the sentence was not disproportionate or excessive and it should not be modified. CT Page 7925
Sentence affirmed.
Stanley, J.
Purtill, J.
Miano, J.
Stanley, J., Purtill, J., and Miano, J. participated in this decision.